# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO 16-327-1** |
| **v.** : | |
| **TYREIK GIBSON, a/k/a Reek, a/k/a TK** : | |

## MEMORANDUM

**Savage, J.**                                                                                    **December 10, 2020**

Tyreik Gibson, the leader of a bank fraud and identity theft ring, was sentenced to a term of 72 months imprisonment followed by a 3-year term of supervised release. He was sentenced on July 10, 2018. His anticipated release date is December 13, 2021.

In his motion for compassionate release, Gibson claims that his diagnosis of anemia makes him vulnerable to COVID-19. He requests that the balance of his sentence be served under home confinement to mitigate the chances of his getting the virus.

The compassionate release statute, as amended by the First Step Act, provides that a court may not modify a term of imprisonment until the defendant has exhausted his administrative remedies. Specifically, the statute provides that "the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." 18 U.S.C. § 3582(c)(1)(A).

In short, a defendant may not seek judicial relief until 30 days after the presentation of a request for relief from the Warden. The exhaustion requirement is mandatory. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Gibson did not file a petition or request

with the Warden. Therefore, Gibson's compassionate release request must be dismissed.